**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re:                                              :          **Chapter 11**
                                                    :
**LYONDELL CHEMICAL COMPANY, et al.,**              :          **Case No. 09-10023 (REG)**
                                                    :
                                                    :
                        Debtors.                    :          **Jointly Administered**
                                                    :
-------------------------------------------------------------x
:
**LYONDELL CHEMICAL COMPANY, et al.**               :
                                                    :
                        Plaintiffs,                 :          **Adversary Proceeding**
                                                    :          **No. 09-01459 (REG)**
            -against-                               :
                                                    :
**WILMINGTON TRUST COMPANY, AS**                    :
**TRUSTEE,**                                        :
                                                    :
                        Defendant.                  :
-------------------------------------------------------------x

## STIPULATION

      **WHEREAS,** on August 28, 2009, Plaintiffs filed their complaint (the "Complaint") in the above-captioned adversary proceeding;

      **WHEREAS,** on August 28, 2009, Plaintiffs moved for a preliminary injunction, requesting that this Court enjoin until no earlier than January 31, 2010 any attempts to enforce rights or exercise remedies under the $615,000,000 and €500,000,000 of 8.375% senior notes due August 15, 2015 (collectively, the "2015 Notes") against guarantors of the 2015 Notes that have not filed a petition under chapter 11 protection (the "Motion");

      **WHEREAS**, Defendant has requested that Access Industries, Inc., Access Industries Holdings LLC, AI International, S.á.r.l., Nell Limited, Len Blavatnik, Lincoln Benet, and Philip Kassin (collectively, the "Access Parties" or "Access") produce certain documents to

the Defendant and certain holders of the 2015 Notes (the "2015 Noteholders") have requested that Access produce certain documents to the 2015 Noteholders;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by the undersigned counsel as follows:

1.  The Access Parties agree to permit the Defendant and the 2015 Noteholders immediately to obtain copies of all documents the Access Parties produced (whether before, on or after the date hereof (the "Committee Documents") in response to discovery requests by the Official Committee of Unsecured Creditors (the "Committee") in connection with <u>Official Committee of Unsecured Creditors v. Citibank, N.A., London Branch, et al.</u>, Adv. Pro. 09-01375 (REG) (including responses to Rule 2004 examinations related to the adversary proceeding conducted prior to the filing of the complaint) (collectively, the "Proceedings"), provided that Defendant and the 2015 Noteholders will receive such materials subject to the same confidentiality and other limitations accepted by the Committee in accordance with their January 20, 2009 Confidentiality Agreement with Access (attached as Exhibit A) and with any subsequent Global Protective Order entered into between the Committee and the Access Parties, and further provided that until agreed in writing by the Access Parties or ordered by the Court in this case, access to any documents produced in accordance with this paragraph shall be provided to the Defendant and the 2015 Noteholders on strictly an Attorney Eyes Only basis. As used in this stipulation, the term "documents" shall have the meaning as used in the Federal Rules of Civil Procedure.

2.  This stipulation is without prejudice to the position of any interested party, including Plaintiffs, Defendant, the Access Parties and any 2015 Noteholders, with respect to inter alia, jurisdiction, the subject matter of the Motion and the Complaint, and all such parties reserve all arguments, claims and defenses in connection with the Motion, the Complaint and

related matters. This stipulation does not constitute an admission of any fact or consent to the jurisdiction of the United States Bankruptcy Court overseeing Plaintiffs' chapter 11 cases (the "Court") regarding matters concerning the August 5, 2005 Intercreditor Agreement, the May 3, 2007 Intercreditor Agreement, and the December 20, Intercreditor Agreement by any such party.

      3. This stipulation may be executed in counterparts and are effective and enforceable immediately even if before Court approval hereof.


Dated: New York, New York
      September __, 2009


| QUINN EMANUEL URQUHART OLIVER & HEDGES | SEWARD & KISSEL LLP |
|---|---|
| /s./  Peter Martino _ | /s/  John R. Ashmead _ |
| Peter Martino, Esq. | John R. Ashmead, Esq. |
| 51 Madison Avenue | Dale C. Christensen, Jr., Esq. |
| 22nd Floor | One Battery Park Plaza |
| New York, NY 10010 | New York, New York 10004 |
| (212) 849-7316 | Telephone:  (212) 574-1200 |
| Fax : (212) 849-7400 | Facsimile: (212) 480-8421 |
| petermartino@quinnemanuel.com | ashmead@sewkis.com |
| | christensen@sewkis.com |
| | |
| | *Attorneys for Defendant Wilmington Trust Company as Successor Indenture Trustee for the 2015 Notes* |

| ANDREWS KURTH LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
|---|---|
| /s/ Paul N. Silverstein<br>Paul N. Silverstein, Esq.<br>450 Lexington Ave., 15th Floor<br>New York, NY 10017<br>Telephone: (212) 850-2800<br>Facsimile: (212) 850-2929<br>paulsilverstein@andrewskurth.com<br><br>*Attorneys for the 2015 Noteholders* | /s/ David S. Rosner<br>David S. Rosner, Esq.<br>1633 Broadway<br>New York, New York 10019<br>Tel. (212) 506-1726<br>Fax (212) 835-5026<br>drosner@kasowitz.com<br><br>*Attorneys for the 2015 Noteholders* |

SO ORDERED:

_____
Judge Robert E. Gerber,
United States Bankruptcy Judge