# CONFIDENTIALITY AGREEMENT

As of January 20, 2009

Dear Sir or Madam:

  The Official Committee of Unsecured Creditors (the "Committee") of Lyondell Chemical Company, *et al.* (collectively, the "Debtors") has requested that Access Industries Holdings LLC ("Access") make available to you, in your capacity as a professional retained by the Committee, certain information relating to the Debtors, including, without limitation, agreements between one or more of the Debtors and Access or its affiliates which have not filed for chapter 11 protection (together with Access, the "Access Group") and transactions between one or more of the Debtors and a member of the Access Group. Access is prepared to make such information available to you on the condition that you agree to treat all such information made available to you by or on behalf of the Access Group strictly in accordance with the provisions of this letter agreement. All such information made available to you by or on behalf of the Access Group shall constitute Confidential Information (as defined below) regardless of whether it is expressly marked as being "confidential."

  The term "Confidential Information" shall be deemed to include all notes, analyses, compilations, studies, summaries, forecasts, memoranda, records, interpretations, or other documents prepared by you which contain, reflect or are based upon, in whole or in part, the information furnished or made available to you pursuant hereto or are gathered by inspection. The term "Confidential Information" does not include information which (i) is or becomes generally available to the public other than as a result of a disclosure by you in violation of this letter agreement, (ii) becomes available to you on a non-confidential basis from a source other than the Access Group, provided that such source is not believed by you after reasonable inquiry to be bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to the Access Group or any other party with respect to such information, or (iii) is independently developed by you without violating any obligations under this letter agreement.

  You hereby agree that (a) you shall use the Confidential Information solely to assist the Committee in carrying out its duties in the chapter 11 cases of the Debtors (a "Permitted Purpose"), (b) you will not use any Confidential Information, directly or indirectly, in connection with any trading or other activities in the securities or other financial markets or for any other purpose, (c) the Confidential Information will be kept strictly confidential, and (d) you will not disclose any of the Confidential Information in any manner whatsoever without the prior written consent of Access or the applicable member of the Access Group. You may disclose Confidential Information to other professionals of the Committee who have signed and delivered to us letter agreements in the same form as this letter agreement. You may also prepare and provide to members of the Committee materials that summarize or describe Confidential Information, provided

that such members agree to the terms and conditions hereof and you confirm such agreement to us in writing.

In addition, you agree that, without the prior written consent of Access or the applicable member of the Access Group, you will not disclose to any person any Confidential Information, nor the fact that Confidential Information has been made available to you. Notwithstanding the foregoing, solely in the event that you are requested or required (through discovery, subpoena, civil investigative demand, or other similar legal or investigative process) to disclose any of the Confidential Information, you shall provide Access with prompt written notice of any such request or requirement so that Access or the applicable member of the Access Group, at its sole cost and expense, may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this letter agreement in respect of such request or requirement. If, in the absence of a protective order or other remedy or the receipt of a waiver by Access or the applicable member of the Access Group, you are nonetheless, in the opinion of the Committee's counsel, legally compelled to disclose to any tribunal or else stand liable for contempt or suffer other censure or significant penalty, you may, without liability hereunder, disclose to such tribunal only that portion of the Confidential Information which such counsel advises you is legally required to be disclosed, provided that you exercise your commercially reasonable efforts to preserve the confidentiality of the Confidential Information, including, without limitation, by taking commercially reasonable measures to cooperate with Access or the applicable member of the Access Group to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential Information by such tribunal, and then only with as much prior written notice to Access as is practical under the circumstances. In no event will you oppose any action by Access or the applicable member of the Access Group to obtain a protective order or other relief to prevent the disclosure of the Confidential Information or to obtain reliable assurance that confidential treatment will be afforded the Confidential Information.

You hereby acknowledge that you are aware that the United States securities laws prohibit any person in possession of material non-public information concerning an issuer from purchasing or selling securities of such issuer or from communicating such information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities.

Neither this letter agreement nor disclosure of any Confidential Information to you shall be deemed by implication or otherwise to vest in you rights in or to the Confidential Information, other than the right to use such Confidential Information solely in accordance with this letter agreement.

It is understood and agreed that no failure or delay by Access in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

The production by Access of any documents protected by the attorney-client privilege, attorney work product doctrine, the common-interest privilege or any other applicable privilege, exemption, doctrine or protection from discovery (the "Privileged Documents") is (a) without waiver of any claim of privilege and/or confidentiality and (b) inadvertent. In the event that any such Privileged Documents are produced, then (i) Access may demand that you return the Privileged Documents and all copies thereo, (ii) you expressly agree to return such Privileged Documents and/or all copies thereto or certify to their destruction immediately upon learning of their production and/or receiving such demand from Access and (iii) you agree that such production, whether inadvertent or not, shall not affect the privileged protection of such disclosed Privileged Documents with respect to any person or entity and shall not result in a waiver of any privilege, right or immunity that may otherwise apply to such Privileged Documents.

It is further understood and agreed that money damages would not be a sufficient remedy for any breach of this letter agreement by you and that Access or the applicable member of the Access Group that is a beneficiary hereof shall be entitled to equitable relief, including injunctive relief and specific performance, as a remedy for any such breach. Such remedies shall not be deemed to be the exclusive remedies for a breach by you of this letter agreement, but shall be in addition to all other remedies available at law or equity to the Access Group. In the event of litigation relating to this letter agreement, if a court of competent jurisdiction determines in a final, non-appealable order that a party has breached this letter agreement, then such party shall be liable and pay to the non-breaching party the reasonable legal fees such non-breaching party has incurred in connection with such litigation, including any appeal therefrom.

Each of the obligations under this letter agreement shall terminate on the date that is one year after the dissolution of the Committee.

This letter agreement and all disputes and controversies arising out of or related to this letter agreement shall be governed by and construed in accordance with the laws of the State of New York, without reference to any conflicts of law principles that would or might result in the application of the laws of another jurisdiction.

Each undersigned party hereto hereby irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the United States Bankruptcy Court for the Southern District of New York or, if the chapter 11 cases of the Debtors are no longer pending, the courts of the State of New York and of the United States of America located in the City and County of New York (the "Designated Courts"), for any actions, suits or proceedings arising out of or relating to a breach of this letter agreement, and further agrees (i) not to commence any action, suit or proceeding relating thereto except in such courts, and (ii) to waive any defenses as to personal jurisdiction of such courts over such party. Each party hereto hereby irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of a breach of this letter agreement in the Designated Courts and hereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum. As a material inducement to the other party hereto to enter into this letter agreement, each

3

party hereby waives, to the fullest extent permitted by applicable law, the right to demand a jury trial in connection with any action to enforce this letter agreement.

The provisions of this letter agreement shall be severable in the event that any of the provisions hereof are held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable, and the remaining provisions shall remain enforceable to the fullest extent permitted by law. This letter agreement represents the entire understanding with respect to the matters contained herein and supersedes all prior agreements, arrangements, and understandings between the parties hereto.

This letter agreement may be executed in any number of counterparts and each of such counterparts shall for all purposes be deemed original, and all such counterparts shall together constitute one and the same instrument. Please confirm your agreement with the foregoing by signing and returning one copy of this letter to the undersigned, whereupon this letter agreement shall become a binding agreement between you and Access.

                ACCESS INDUSTRIES HOLDINGS LLC

                By: QUINN EMANUEL URQUHART
                      OLIVER & HEDGES, LLP

                By: _____
                     Name: Susheel Kirpalani
                     Title: Partner

**I hereby acknowledge receipt of the above letter and sign below signifying my full acceptance of, and agreement with, the terms and conditions thereof.**

                BROWN RUDNICK LLP

                By: _____
                     Name: Steven Pohl
                     Title: Partner