KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

DAVID S. ROSNER
212-506-1726

October 28, 2009

**BY HAND AND ECF**
Hon. Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

> In re *Lyondell Chemical Company, et al.,* Case No: 09-10023 (REG); *Lyondell Chemical Company, et al., v. Wilmington Trust Company, as Trustee,* Adv. Pro. No. 09-01459; *The Wilmington Trust Company, as Trustee v. Lyondellbasell Industries AF S.C.A., et al.* Adv. Pro. No. 09-01501;

Dear Judge Gerber,

We are special litigation counsel for Wilmington Trust Company, as Successor Indenture Trustee (the "Trustee") for the Basell 2015 Notes (the "2015 Notes"), in connection with the above referenced adversary proceedings (the "Adversary Proceedings"). By stipulation between the Debtors and the Trustee, the parties consolidated the Adversary Proceedings for discovery purposes only. In accordance with Local Rule 7007-1 we request a discovery conference to address the dispute with the five arranging banks, (Citibank, Merrill Lynch, Goldman Sachs, UBS, and ABN-AMRO) (the "Banks") outlined below.

Both of the Adversary Proceedings raise the issue of whether, as the Trustee contends, the $20+ billion in indebtedness incurred by Basell in its December 2007 LBO (the "LBO Debt") violated restrictive covenants in the Indenture governing 2015 Notes (the "2015 Notes Indenture") thus voiding the associated Intercreditor Agreement (the "ICA"). In the first Adversary Proceeding, in which the Trustee is the defendant, the Lyondell debtors seek to enjoin the Trustee and the 2015 Noteholders from pursuing their rights against foreign non-debtors (notwithstanding the Lyondell entities' failure to address this foreseeable situation in the 60 days this Court allotted near the outset of these cases.) Among other things, in this Adversary Proceeding, the Lyondell entities argue, and the Trustee disputes, that the ICA subordinates the 2015 Notes,(of which approximately $1,400,000 is now outstanding) to all of LBO Debt. In the second Adversary Proceeding, in which the Trustee is the plaintiff, in addition to seeking to void the ICA, the Trustee has named the Banks as defendants and asserts, among other things, that the Banks engaged in egregious inequitable conduct harming the 2015 Noteholders separate from other Lyondell creditors in connection with the LBO.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

On October 9, 2009, we served focused discovery requests on the Banks. See Exhibit A. During the past week we have received similar letters from three of the banks (Citibank, Goldman Sachs, and UBS) objecting to our discovery requests in their entirety. See Exhibit B. We have responded to two of the letters. See Exhibit C.

The letters object to the requested discovery on the procedural ground that the Court has not yet held a Rule 26(f) conference and on the substantive ground that we should first seek discovery from the Lyondell Debtors.

The procedural ground is a meritless technical obfuscation. As we stated in our cover letters delivered with our discovery requests, we did not wait for the Rule 26(f) conference to serve our discovery because of the urgency resulting from the first Adversary Proceeding's preliminary injunction motion scheduled for November 23, 2009 and, as to both Adversary Proceedings, the obvious need to resolve these matters fully prior to this Court's consideration of a plan of reorganization.

The substantive ground also is without merit. We have obtained discovery from the Lyondell Debtors, and we are now seeking additional, targeted, discovery from the Banks focused on the Banks' actions (or inactions) that was not available from the Lyondell Debtors. The attached discovery requests make clear that they are narrowly focused and designed to address the specific issues in dispute.

Inasmuch as we have been unable to resolve consensually this discovery issue, we respectfully request that the Court schedule a discovery conference to address this matter.

We are available at the Court's convenience to discuss this matter further.

Respectfully submitted,

/s/ David S. Rosner

David S. Rosner

cc:     All Parties

1866947v3
10/28/2009 9:03 AM