UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                            : Chapter 11
LYONDELL CHEMICAL COMPANY, <u>et al.</u>,                         : Case No. 09-10023 (REG)
                                                                  :
             Debtors.                                             : Jointly Administered
------------------------------------------------------------------x
LYONDELL CHEMICAL COMPANY, <u>et al.</u>,                         :
                                                                  :
             Plaintiffs,                                          : Adversary Proceeding
                                                                  :
    -against-                                                     : No. 09-01459 (REG)
WILMINGTON TRUST COMPANY, AS TRUSTEE,                             :
             Defendant.                                           :
------------------------------------------------------------------x
WILMINGTON TRUST COMPANY, AS TRUSTEE,                             : Adversary Proceeding
             Plaintiff,                                           : No. 09-01501 (REG)
    -against-                                                     :
LYONDELLBASELL INDUSTRIES AF S.C.A., <u>et al.</u>,               :
             Defendant.                                           :
------------------------------------------------------------------x

## STIPULATION

**WHEREAS,** on August 28, 2009, plaintiffs in the adversary proceeding captioned <u>Lyondell Chemical Company, et al. v. Wilmington Trust Co., as Trustee</u>, No. 09-01459 (REG) ("Plaintiffs") filed their complaint (the "Complaint") in that adversary proceeding;

**WHEREAS,** on August 28, 2009, Plaintiffs moved for a preliminary injunction in that adversary proceeding, requesting that this Court enjoin until no earlier than January 31, 2010 any attempts to enforce rights or exercise remedies under the $615,000,000 and €500,000,000 of 8.375% senior notes due August 15, 2015 (collectively, the "2015 Notes") against guarantors of the 2015 Notes that have not filed petitions under chapter 11 protection (the "Motion");

-1-

**WHEREAS,** the Plaintiffs have asserted in connection with the Complaint that the 2015 Notes are contractually subordinated pursuant to the terms of an Intercreditor Agreement dated December 20, 2007 (the "December 20, 2007 Intercreditor Agreement");

**WHEREAS**, Wilmington Trust Company (the "Trustee" or "Defendant"), as successor trustee under the indenture governing the 2015 Notes (the "Indenture"), and certain holders of the 2015 Notes (together with all holders of the 2015 Notes, the "2015 Noteholders") have asserted, *inter alia*, that the December 20, 2007 Intercreditor Agreement is invalid and of no force or effect, the effective Intercreditor Agreement is dated as of August 1, 2005 (the "August 1, 2005 Intercreditor Agreement"), that the December 20 Intercreditor Agreement could not have been amended or restated without execution thereof by the 2015 Noteholders or otherwise in connection with any financing that resulted in a breach of the Indenture governing the 2015 Notes, and that the 2015 Notes are not contractually subordinated;

**WHEREAS**, on October 1, 2009, the Trustee initiated the adversary proceeding captioned <u>Wilmington Trust Co., as Trustee, v. LyondellBasell Industries AF S.C.A., et al.</u>, No. 09-01501 (REG) by filing a complaint ("Defendant's Complaint") solely in its capacity as successor trustee under the Indenture alleging, *inter alia*, breach of the Indenture and 2005 Intercreditor Agreement. Defendant is seeking in that adversary proceeding, among other relief, a declaratory judgment that the December 20, 2007 Intercreditor Agreement is null and void as to the Trustee and the 2015 Noteholders, and the LBO Debt (as defined in the Defendant's Complaint) priority provisions of that agreement have no effect as to 2015 Noteholders; damages against bank defendants in that action; and equitable subordination of claims of other defendants in that action in respect of the LBO Debt against the Debtors to the claims of the 2015 Noteholders.

**WHEREAS**, entry into this stipulation is not an admission or agreement by either Plaintiffs or Defendant or any 2015 Noteholder as to the foregoing and the Plaintiffs, Defendant, and all 2015 Noteholders reserve all of their respective rights with respect to the foregoing and all other assertions made in the Complaint and the Defendant's Complaint;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by the undersigned counsel as follows:

1. The hearing on Plaintiffs' Motion in the adversary proceeding captioned <u>Lyondell Chemical Company, et al. v. Wilmington Trust Co., as Trustee</u>, No. 09-01459 (REG) is hereby adjourned until January 11, 2010 subject to further adjournment upon the consent of the parties**.**

2. Any response or objection to Plaintiffs' Motion in that adversary proceeding shall be due on December 30, 2009, with Plaintiffs' reply, if any, due on January 6, 2009.

3. Without waiving any of the rights of the Defendant or the 2015 Noteholders with respect to the assertion, *inter alia*, that the December 20, 2007 Intercreditor Agreement is invalid and of no force or effect, and inasmuch as the Defendant cannot extend the High Yield Standstill period without the consent of holders of a majority in principal amount of the 2015 Noteholders, the Defendant will treat the High Yield Notes Standstill Period provided under the December 20, 2007 Intercreditor Agreement, as described in the Complaint, as tolled until January 22, 2010 and the High Yield Notes Standstill Period shall then automatically expire, unless directed to act otherwise by holders of a majority in principal amount of the 2015 Notes (a "Contrary Majority Notice"). Should the Defendant receive a Contrary Majority Notice, or any other instruction from a requisite number of 2015 Noteholders to take action that is inconsistent with the agreement set forth herein, Defendant will immediately provide notice thereof to the Plaintiffs

and Defendant will take no action thereon for not less than five (5) business days thereafter, during which time, and at their sole discretion, Plaintiffs may seek relief from this Court.

4. Defendant's time to answer or otherwise respond to the Complaint in the adversary proceeding captioned <u>Lyondell Chemical Company, et al. v. Wilmington Trust Co., as Trustee</u>, No. 09-01459 (REG) is extended to December 11, 2009. Plaintiffs that are defendants therein shall have until December 11, 2009 to respond to Defendant's Complaint in that adversary proceeding.

5. The pretrial conference in both adversary proceedings is hereby adjourned until January 11, 2010.

6. Pursuant to Federal Rule of Civil Procedure 42, discovery for Plaintiff's Motion, the Complaint, and Defendant's Complaint shall be consolidated solely for the purpose of discovery, but the three matters are not consolidated for any other purpose by operation of this stipulation.

7. Plaintiffs consent to the receipt by the Trustee and any 2015 Noteholder of any discovery materials from the proceedings captioned <u>Official Committee of Unsecured Creditors v. Citibank, N.A., London Branch, et al.</u>, Adv. Pro. 09-01375 (REG) including the Rule 2004 examinations related to the adversary proceeding conducted prior to the filing of such complaint (collectively, the "Proceedings") by the Defendant or any 2015 Noteholder, and do not object to any 2015 Noteholder intervening in the Complaint or Defendant's Complaint nor to the Defendant or such interveners seeking discovery related to either Complaint, the Motion, or the Proceedings from third parties.

8. This stipulation is without prejudice to the position of any interested party, including Plaintiffs, Defendant, and any 2015 Noteholders, with respect to *inter alia*, jurisdiction and the subject matter of the Motion, the Complaint and Defendant's Complaint, and all such parties

reserve all arguments, claims and defenses in connection with the Motion, the Complaint, Defendant's Complaint, and related matters. This stipulation does not constitute an admission of any fact or consent to the jurisdiction of the United States Bankruptcy Court overseeing Plaintiffs' chapter 11 cases (the "Court") regarding matters concerning the August 1, 2005 Intercreditor Agreement and the December 20, 2007 Intercreditor Agreement by any such party.

Dated: New York, New York

November 20, 2009

SUSMAN GODFREY LLP

/s./ *Vineet Bhatia*
Vineet Bhatia, Esq.
David M. Peterson, Esq.
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: 713-653-7855
Facsimile: 713-654-3344
vbhatia@susmangodfrey.com
dpeterson@susmangodfrey.com

Suyash Agrawal, Esq.
654 Madison Ave., 5th Floor
New York, New York 10065
Telephone: 212-336-8330
Facsimile: 212-336-8340
sagrawal@susmangodfrey.com
*Attorneys for Plaintiffs Lyondell Chemical Co, et al.*

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

*/s./ David S. Rosner*
David S. Rosner
Michael M. Fay
Andrew K. Glenn
David J. Mark
Daniel A. Fliman
1633 Broadway

New York, NY 10019
(212) 506-1700
*Attorneys for Defendant Wilmington Trust Company, solely in its capacity as Successor Trustee*


SO ORDERED:
<u>*s/ Robert E. Gerber  11/23/2009*</u>
Judge Robert E. Gerber, United States Bankruptcy Judge